UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANNA STAFFORD, A.H., minor child**, | Civil Case No. 3:13-cv-01963-KI |
| Plaintiffs, | OPINION AND ORDER DISMISSING CASE |
| v. | |
| **LAUREL HEIFETZ, MICHAEL HEIFETZ**, | |
| Defendants. | |

Anna Stafford
5590 SE Nelson Rd.
Olalla, WA 98359

    Pro Se Plaintiff

KING, Judge:

    Plaintiffs Anna Stafford and minor A.H. bring a case against Laurel and Michael Heifetz and move to proceed *in forma pauperis*. An examination of the application reveals plaintiffs are

Page 1 - OPINION AND ORDER DISMISSING CASE

unable to afford the costs of this action. Accordingly, it is ordered that this action may go forward without payment of fees or costs.

However, under 28 U.S.C. § 1915(e)(2), the court may dismiss a case if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. For the following reasons, I dismiss the Complaint, without leave to amend.

## BACKGROUND

Plaintiff Stafford alleges the defendants slandered her as bipolar in a case brought in an Oregon court. She also alleges defendants bribed the psychologist hired to perform an evaluation of her parenting, they bribed the judge presiding over the case, and hid evidence of circumstances endangering her child.

Since I have reviewed a previous version of this Complaint, brought against defendants' company and filed separately, I am familiar with the facts. See Stafford v. Heifetz Halle Consulting Group, LLC, Civil Case No. 3:13-1057-KI, 2013 WL 4501048 (D. Or. Aug. 21, 2013). In that proceeding, I allowed Stafford an opportunity to amend her complaint, but found even her Amended Complaint failed to state a claim against the defendant LLC.

Although not entirely apparent, Stafford brings this action against her ex-husband's parents because she believes they funded dissolution and custody litigation, including a psychologist who came to a positive conclusion about her ex-husband's ability to parent in a

Multnomah County Circuit Court case.  See In re: Heifetz Adam J./Anna R., No. 120970323 (filed Sept. 17, 2012).[1]

She seeks $5,000,000 in damages for "theivery/lies/hiding child/sex abuse/legal kidnapping/bribary/corrupt judge."  Compl., at 5 (all spelling as in original).

## DISCUSSION

Stafford fails to state a claim against the defendants.  I instructed Stafford when I dismissed her Amended Complaint against the Heifetz Halle Consulting Group, LLC, her ex-husband's parent's *company*, that even if she amended her complaint to bring her claims against her ex-husband's parents *individually* she could not state a claim.  Stafford alleges her ex-husband's parents lied to the court on multiple occasions.  However, statements made in pleadings or in the course of a judicial proceeding, if relevant to the issue, are absolutely privileged.  Moore v. Sater, 215 Or. 41, 335 P.2d 843 (1959); Durr v. Kelleher, 54 Or. App. 965, 636 P.2d 1015 (1981).  The statements plaintiff Stafford takes issue with were central to the subject matter of the dissolution and custody proceeding, namely plaintiff Stafford's ability to parent.  These statements "however harsh it may bear upon a person who claims to be injured thereby, and even though [they] may have been made maliciously" are absolutely privileged communications.  Moore, 215 Or. at 419-20 (quoting Grubb v. Johnson, 205 Or. 624, 631, 289 P.2d 1067 (1955)).

---

[1] The Court may take judicial notice of a fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  This includes facts in the public record since they "are readily verifiable."  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Furthermore, a thread running throughout this case, as I indicated in the case Stafford brought against the LLC, is that "the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees" when subject-matter jurisdiction is based on diversity.  Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12-13 (2004).  Even when the plaintiff is not directly seeking a divorce, alimony or child custody decree, "it might be appropriate for the federal courts to decline to hear a case involving elements of the domestic relationship."  Id. (citation omitted).  It is apparent from Stafford's allegations that she is intensely dissatisfied by the outcome of the underlying dissolution proceeding.  However, absent some substantial federal question posed by her, or allegations firmly establishing federal jurisdiction and a cause of action against the named defendants, it is appropriate to leave these delicate issues to the court having the expertise to resolve them.

## CONCLUSION

The Application to Proceed in Forma Pauperis [1] is granted.  However, because I find the action fails to state a claim upon which relief may be granted, I dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).  Since I have already given Stafford the opportunity to amend her complaint in a previous case almost identical to this one, and since any further amendments would be futile, plaintiffs' complaint is dismissed with prejudice.  Her Motion for Appointment of Counsel [3] is denied as moot.

IT IS SO ORDERED.

DATED this      23rd     day of  December  , 2013.

                                                   /s/ Garr M. King    
                                                GARR M. KING  
                                                United States District Court Judge